IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | CIVIL ACTION No. 5:12-CV-487 (CAR) |
| WILLIAM WRIGHT, | : : | |
| Defendant. | : : | |
| _____ | : | |

### ORDER ON PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Federal National Mortgage Association's Motion to Remand [Doc. 3] this dispossessory proceeding to the Magistrate Court of Bibb County, Georgia. Defendant William Wright, proceeding *pro se*, has not responded to Plaintiff's Motion, and the time for doing so has passed. Having considered this matter, the Court finds that it lacks subject matter jurisdiction over Plaintiff's action. Therefore, Plaintiff's Motion to Remand [Doc. 3] is **GRANTED**, and this case is **REMANDED** to the Magistrate Court of Bibb County, Georgia.

### DISCUSSION

A civil action filed in a state court may be removed to a district court if the action falls within the federal courts' original jurisdiction. Original jurisdiction exists if the action invokes a federal question pursuant to 28 U.S.C. § 1331 or if there is

diversity of parties pursuant to 28 U.S.C. § 1332.[1]  In this case, Defendant alleges that the Court has federal question jurisdiction over Plaintiff's dispossessory proceeding because "Defendant [sic] claims arise under the laws of the United States."[2] Expounding on this general premise, Defendant identifies the Fourteenth Amendment, Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA") as his bases for removal.  Although Defendant only addresses federal question jurisdiction, for purposes of clarity, and to deter any future frivolous filings, the Court also examines the parties' diversity as an alternative basis for jurisdiction.

## I. Federal Question Jurisdiction

A federal question exists if a civil action arises under the Constitution, laws, or treaties of the United States.[3]  "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[4]  "[T]he federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal

---

[1] *See Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns*, 182 F.3d 851, 854 (11th Cir. 1999).
[2] [Doc. 1 at 3].
[3] 28 U.S.C. § 1331.
[4] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

defense generally does not qualify a case for removal."[5]  Similarly, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."[6]  Ultimately, the defendant bears the burden of proving a federal question exists based on the plaintiff's complaint,[7] and "any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court."[8]

In this case, Plaintiff's complaint, or, to be specific, the dispossessory warrant, does not "arise under" a federal law of the United States.  Plaintiff filed this dispossessory warrant to evict Defendant, as a tenant at sufferance, from 210 Westchester Drive, Macon, Georgia 31201, following a foreclosure sale in November 2012.  Plaintiff does not rely on any federal law to authorize or otherwise support this warrant.  Instead, the warrant appears to be a standard filing pursuant to Georgia law, O.C.G.A. § 44-7-50 *et seq*.  Accordingly, Defendant cannot remove this proceeding on the premise that this "well-pleaded" complaint presents a federal question on its face.[9]

Moreover, Defendant cannot create a federal question through his own defenses or counterclaims.  Although Defendant lists several counterclaims under

---

[5] *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 530-31 (1999).
[6] *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).
[7] *See Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).
[8] *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).
[9] Incidentally, the Court also notes that Defendant cannot invoke federal question jurisdiction based on Plaintiff's status as a United States entity named in the dispossessory warrant.  While Plaintiff is a federally chartered entity, this status, by itself, does not confer jurisdiction.  *See, e.g., Fed. Nat'l Mortg. Ass'n v. Hammond*, No. CV 11-00867 GAF, 2011 WL 2516498, at *3 *(C.D. Cal. June 22, 2011).

federal laws, including the Fourteenth Amendment, TILA, RESPA, and FDCPA, the Court cannot consider these allegations for purposes of removal.[10]  As noted above, only Plaintiff's dispossessory warrant can invoke federal question jurisdiction.  If a federal question is not presented on the face of the warrant, "it is no substitute that the defendant is almost certain to raise a federal defense" or counterclaim.[11]

Ultimately, Plaintiff's right to possess the property is governed by state laws that do not implicate the federal laws cited in Defendant's Notice of Removal.[12]  Thus, the Court concludes that Plaintiff's dispossessory proceeding does not present a federal question that supports federal jurisdiction over this action.

## II.   Diversity of Parties

Pursuant to 28 U.S.C. § 1332, federal district courts also have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds the sum or value of $75,000.[13]  However, the removal statute, § 1441(b), prohibits a defendant from removing an action to federal court on the basis of diversity if he is a citizen of the state in which the action is originally filed.[14]  To

---

[10] *See, e.g.*, *Wells Fargo Bank v. Cyrus*, No. 1:10-CV-02064-RLV-AJB, 2010 WL 3294320, at *1 (N.D. Ga. July 15, 2010) (remanding defendant's removal based on RESPA, TILA, FDCPA, and the due process clause of the Fourteenth Amendment of the United States Constitution).

[11] *See Pan Am. Petroleum Corp. v. Super. Ct. of Del.*, 366 U.S. 656, 663 (1961).

[12] *See, e.g.*, *Wells Fargo Bank v. Cyrus*, No. 1:10-CV-02064-RLV-AJB, 2010 WL 3294320, at *1 (N.D. Ga. July 15, 2010) (remanding defendant's removal based on RESPA, TILA, FDCPA, and the due process clause of the Fourteenth Amendment of the United States Constitution).

[13] 28 U.S.C. § 1332(a)(1).

[14] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

4

elaborate, "[u]nder § 1332(a), an in-[s]tate <u>plaintiff</u> may invoke diversity jurisdiction in a federal court that sits in the [s]tate where the plaintiff resides"; however, "[t]he removal statute does not provide an in-[s]tate <u>defendant</u> the same flexibility in removing cases."[15]

Consequently, Defendant cannot remove this dispossessory proceeding to federal court because he is a citizen of Georgia and Plaintiff first filed its action in a Georgia court.  As the party seeking removal, Defendant carries the burden of proving all relevant jurisdictional facts.[16]  Unfortunately, Defendant does not bear this burden with sufficient clarity.  Defendant does not address the parties' citizenship in his Notice of Removal, so the Court is left to draw reasonable inferences from Defendant's other, minimal allegations.  Ultimately, the Court is left with Defendant's address for service, the same Georgia address as the property subject to Plaintiff's dispossessory action.[17]  There is no allegation or any evidence that Defendant is a citizen of any state other than Georgia.  Accordingly, the Court concludes that Defendant, a citizen of Georgia, cannot remove the instant case to federal court.[18]

However, even assuming Defendant is not a citizen of Georgia and is otherwise diverse from Plaintiff, he cannot establish the requisite $75,000 amount in controversy.

---

[15] *Ojemeni v. Sanchez*, No. 1:10-CV0-04100-TWT-AJB, 2010 WL 5684400, at *3 (N.D. Ga. Dec. 20, 2010) (emphasis added).
[16] *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).
[17] [Docs. 1 at 1; 1-1 at 1; 1.3 at 2].
[18] *See Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992).

Under Georgia law, a dispossessory proceeding does not determine title or ownership of the property; rather, it is designed to resolve the parties' limited right to possess the property.[19] Thus, as the Northern District of Georgia has explained, "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy."[20] Without a measurable amount in controversy, Defendant cannot satisfy 28 U.S.C. § 1332. Accordingly, the Court finds that removal is not proper on the basis of diversity jurisdiction.

## CONCLUSION

Because Defendant has failed to demonstrate any lawful basis for removal of the instant action to this Court, Plaintiff's Motion to Remand [Doc. 3] is **GRANTED**. Pursuant to 28 U.S.C. § 1447, this case is hereby **REMANDED** to the Magistrate Court of Bibb County, Georgia.

**SO ORDERED,** this 5th day of March, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP

---

[19] *See* O.C.G.A. § 44-7-50 *et seq.*; *Walker v. Camp*, 175 S.E.2d 53, (Ga. App. 1970) (holding that the purchaser at a foreclosure sale is the sole owner of the property until and unless the sale is set aside).

[20] *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001).